United States District Court
Southern District of Texas

**ENTERED**

August 03, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BALDOMERO PERALTA GARCIA, *et al.*, | § | |
| | § | |
| Petitioners, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-03840 |
| | § | |
| RAYMOND THOMPSON, | § | |
| | § | |
| Respondent. | § | |

**ORDER**

Before the Court are *pro se* Petitioner Baldomero Peralta Garcia's ("Petitioner") Amended Petition for Writ of Habeas Corpus (the "Amended Petition") (Doc. #20) and Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment (the "Motion for Summary Judgment") (Doc. #11). Having considered the parties' arguments and applicable legal authority, the Court denies the Motion for Summary Judgment and grants the Amended Petition.[1]

Petitioner, a citizen of Mexico, entered the United States without inspection at an unknown place on an unknown date.[2] Doc. #11, Ex. 1 at 1. In 2007, Petitioner was arrested for fraudulent

[1] On May 13, 2026, Petitioner's daughter filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Original Petition"), purporting to act as Petitioner's next friend. Doc. #1. Respondents filed their Motion for Summary Judgment in response to the Original Petition on February 26, 2026. Doc. #11. On July 23, 2026, the Court notified Petitioner that the Original Petition did not sufficiently establish his daughter as next friend. Doc. #19. Accordingly, Petitioner filed the Amended Petition under his own signature on July 27, 2026. Doc. #20. Respondents have since informed the Court that the Amended Petition "should be denied for the same reasons" articulated in the Motion for Summary Judgment. Doc. #22.

[2] Petitioner claims he entered the United States in 1996. Doc. #1 at 6; Doc. #20 at 1. Respondents appear to adopt this contention in their Motion for Summary Judgment. Doc. #11 at 1.

"use/possession of identifying information," an offense for which he was convicted in 2008. Doc. #11, Ex. 2 at 2. Many years later, on January 7, 2026, the Department of Homeland Security ("DHS") issued a warrant for Petitioner's arrest. Doc. #11, Ex. 3. That same day, immigration officials took Petitioner into custody. Doc. #11, Ex. 2 at 2. DHS subsequently issued Petitioner a Notice to Appear, charging him with being "an alien present in the United States who has not been admitted or paroled" and is thus inadmissible under the Immigration and Nationality Act. Doc. #11, Ex. 1. Petitioner remains in custody at the Joe Corley Processing Center in Conroe, Texas. Doc. #11 at 2. The record before the Court does not suggest Petitioner is a flight risk, has any criminal convictions other than for the aforementioned fraud charge, or otherwise poses a danger to the community. *See* Doc. #11; Doc. #20.

Respondents argue Petitioner is subject to mandatory detention without bond pursuant to 8 U.S.C. § 1225(b)(2). Doc. #11 at 3–9. Petitioner argues his continued detention violates the Due Process Clause of the Fifth Amendment. Doc. #1 at 6; Doc. #20 at 1. Courts in the Southern District of Texas have held that the continued detention of a noncitizen who has limited criminal history and has not been shown to be a flight risk or danger to the community violates procedural due process. *See Batalla Nava v. Tate*, 4:26-cv-739, 2026 WL 1103033, at *2–4 (S.D. Tex. Apr. 23, 2026); *Reyes Suarez v. Thompson, et al.*, 4:26-cv-678, 2026 WL 1103030, at *2–4 (S.D. Tex. Apr. 23, 2026); *Rodriguez v. Frink*, 4:26-cv-798, 2026 WL 709487, at *8–10 (S.D. Tex. Mar. 13, 2026). The Court sees no reason to reach a different conclusion here.

Accordingly, the Court concludes that Petitioner's detention, without an individualized assessment or opportunity to be heard, violates his right to procedural due process. After reviewing the authorities and the record, the Court determines release is the appropriate habeas relief for the unlawful detention in this case. *See Brown v. Davenport*, 596 U.S. 118, 128 (2022) ("[F]ederal

courts may grant habeas relief as law and justice require.") (cleaned up).

For the foregoing reasons, Respondents' Motion for Summary Judgment is DENIED. Doc. #11. Furthermore, Petitioner's Amended Petition is GRANTED. Doc. #20.

The Court therefore ORDERS as follows:

1. Respondents are ORDERED to effectuate Petitioner's immediate release from custody within forty-eight (48) hours of the entry of this Order. Petitioner shall be released in a public place within the Southern District of Texas.
2. Respondents are further ORDERED to inform Petitioner's counsel or Petitioner's next friend of the time and location of his release at least three (3) hours before release.
3. Respondents are further ORDERED to return to Petitioner, at the time of his release from custody, any and all identification documents taken from him at the time of or during detention.
4. Respondents may not re-detain Petitioner during the pendency of his removal proceedings absent a pre-detention hearing before an Immigration Judge at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community.
5. Respondents are further ORDERED to file a status report updating the Court within seventy-two (72) hours of this Order, informing the Court of the status of Petitioner's release.
6. All other pending motions, if any, are DENIED as MOOT.

It is so ORDERED.

JUL 3 1 2026

Date

The Honorable Alfred H. Bennett
United States District Judge